IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| WILLIAM CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 5684 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| EDDIE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner William Cannon ("Cannon") filed a *pro se* petition (the "Petition") for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1986 conviction for armed robbery. Respondent Warden Eddie Jones ("Jones") moves to dismiss the Petition claiming that it is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). (D.E. 9.) For the reasons set forth below, Cannon's Petition is dismissed with prejudice.[1]

**PROCEDURAL HISTORY**

Cannon was convicted of armed robbery by a jury in the Circuit Court of Cook County on August 27, 1986 and sentenced to two concurrent terms of fifty years' imprisonment. Cannon appealed his conviction to the Illinois Court of Appeals and the conviction was affirmed on June 11, 1992. *People v. Cannon*, 244 Ill.App.3d 45 (1992). Cannon filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court which was denied on October 6, 1993. *People v. Cannon*,

---

[1] Regarding Cannon's Motion to strike Respondent's Exhibits or, in the alternative, to allow him to file the exhibits attached to his habeas petition, Cannon's motion is granted and this Court considered exhibits 1-35. Additionally, Cannon's motion to correct the misrepresentations of the factual record as cited by respondent's in their reply is dismissed as moot. This Court reviewed the factual record provided by the parties and drafted its opinion consistent with the record. (See Dk. 17, 18).

1

152 Ill.2d 565 (1993). Cannon did not file a petition for writ of certiorari to the United States Supreme Court. Allowing him the time within which he could have filed such a petition pursuant to 28 U.S.C. § 2244(d)(1)(A), Cannon's criminal judgment became final on January 4, 1994, ninety days after judgment and the date on which his time for filing a petition for certiorari expired. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

On April 29, 1994, four months after his conviction became final, Cannon filed for post-conviction relief in the Circuit Court of Cook County. The Circuit Court dismissed the petition as untimely (*People v. Cannon*, No. 85 CR 11964 (Ill. Feb. 22, 1996)) and the Appellate Court affirmed the decision on July 27, 1998. *People v. Cannon*, 297 Ill.App.3d 1117 (1998). Cannon then filed a PLA, which the Supreme Court of Illinois denied on December 2, 1998. *People v. Cannon*, 181 Ill.2d 576 (1998). On April 22, 1997, while his first post-conviction petition was awaiting appeal, Cannon filed his first petition for writ of habeas corpus in federal district court. The District Court dismissed the petition without prejudice for failure to exhaust state court remedies and granted Cannon leave to file a motion for its reinstatement within 63 days after the issuance of the Illinois Appellate Court's decision arising from the Circuit Court's denial of his first post-conviction petition. *Cannon v. Page*, No. 97 C 3053, 1997 WL 264310 (N.D. Ill. May 13, 1997). Cannon then moved for an enlargement of time with the federal court pertaining to the 63 days granted to reinstate his habeas petition, which was denied due to a Seventh Circuit decision that tolled the AEDPA's statute of limitations while Cannon pursued his post-conviction relief, thus increasing the timetable for bringing a habeas petition, making it unnecessary to grant an extension. *U.S. ex rel. Cannon v. Page,* No. 97 C 3053, 1999 WL 160268 (N.D. Ill. Mar. 10, 1999).

On June 7, 1999, Cannon filed his second post-conviction petition in the Circuit Court of Cook County, which was dismissed as untimely (*People v. Cannon*, No. 85 CR 11964 (Ill. July 1,

1999)) and the Appellate Court affirmed the decision on September 28, 2001. *People v. Cannon*, 324 Ill.App.3d 1128 (2001). Cannon then filed a PLA, which the Illinois Supreme Court denied on May 30, 2002. *People v. Cannon*, 199 Ill.2d 561 (2002). In the meantime, Cannon filed a second habeas petition in federal court, which was dismissed due to unexhausted state court remedies because of this second post-conviction which was still pending in the Illinois Appellate Court. *U.S. ex rel. Cannon v. Cowan*, No. 99 C 8027, 1999 WL 1212181 (N.D.Ill. Dec. 16, 1999). On July 12, 2002, Petitioner filed his third post-conviction petition in the Circuit Court of Cook County, which was dismissed as frivolous and patently without merit as the issues had been raised in the prior post-conviction petitions and dismissed as time-barred. (*People v. Cannon*, No. 85 C 11964 01 (Ill. Oct. 2, 2002)) and the Appellate Court affirmed on August 4, 2003. *People v. Cannon*, 343 Ill. App.3d 1283 (2003). Cannon filed a PLA, which the Illinois Supreme Court denied on January 28, 2004. *People v. Cannon*, 207 Ill.2d 609 (2004).

Upon Cannon's fourth attempt to file a post-conviction petition, the Circuit Court of Cook County denied him permission to file. *People v. Cannon*, No. 85 CR 11964 (Ill. June 16, 2004)). Cannon, through counsel, appealed this denial. Counsel moved to withdraw on the basis of the Court's decision in *Pennsylvania v. Finley* 481 U.S. 551 (1987). The Circuit Court granted counsel's motion finding no issues of arguable merit, a decision that the Appellate Court affirmed. *People v. Cannon*, No. 1-04-2264 (Ill.App.Ct. Jan.6, 2006). Cannon filed a PLA and the Supreme Court of Illinois denied on September 27, 2006. *People v. Cannon*, 221 Ill.2d 647 (2006). On September 26, 2007, Cannon filed the instant petition.

## ANALYSIS

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in state custody. *See*

28 U.S.C. § 2244(d)(1). This one-year period runs from the latest of several dates: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which a state-created impediment to filing that was either unconstitutional or in violation of the laws of the Unites States was removed; (3) the date on which a new constitutional right was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. If the petitioner's conviction became final before the AEDPA's enactment on April 24, 1996, the petitioner is given a one-year grace period for filing a federal habeas petition, that is, on April 23, 1997. *See Jones v. Bertrand*, 171 F.3d 499, 500 (7th Cir. 1999); *citing Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) (en banc) (*rev'd on other grounds*, 521 U.S. 320 (1997)). Additionally, the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the one-year statute of limitations. 28 U.S.C. § 2244(d)(2).

In the instant case, Cannon's conviction became final on January 4, 1994, over two years before the effective date of the AEDPA. Because his conviction was finalized before the enactment of the AEDPA, Cannon was required to file his petition by April 23, 1997 under § 2244(d)(1). Cannon filed his first post-conviction petition on April 29, 1994 and the Circuit Court dismissed it as untimely– a decision affirmed by the Illinois Appellate Court. A "properly filed" petition excludes a post-conviction petition found to be untimely by the state courts. *See Pace v. Digulielmo*, 544 U.S. 408, 414 (2005); *see also Gray v. Briley* 305 F.3d 777, 779 (7th Cir. 2002). Thus, though Cannon filed four post-conviction petitions, the first petition was the only petition filed before the April 23, 1997 statute of limitations cut-off. Because that post-conviction petition was dismissed

4

as untimely by the Circuit Court, a decision affirmed by the Appellate Court, Cannon's post-conviction petition was not "properly filed," and therefore, the statute of limitations period to file for habeas relief was not tolled.

Recognizing that his instant petition comes more than nine years after the statutory cut-off, Cannon submits the following four arguments to support his position that the petition is not time-barred: (1) the state court erred in holding that his first post-conviction petition was untimely, and therefore his petition was "properly filed" under 28 U.S.C. § 2244(d)(2); (2) he could not file for federal relief until all of his state court remedies were exhausted; because the first three post-conviction courts never heard his claims on their merit, he had to continue filing successive post-conviction petitions until his state claims were exhausted, thus resulting in the instant petition's delay; (3) equitable tolling applies due to his counsel's ineffective assistance; and (4) he is actually innocent so to be denied habeas relief would result in a fundamental miscarriage of justice. For the reasons stated, herein, Cannon's Petition for Writ of Habeas Corpus is time-barred.

I. State Court Error

Cannon asserts that the state court erred in holding that his first post-conviction petition, filed on April 29, 1994, was untimely, and therefore his petition was "properly filed" under 28 U.S.C. § 2244(d)(2) and should have tolled the statute of limitations for habeas relief. *See* 28 U.S.C. § 2244(d)(2). However, a federal habeas corpus petition is not a remedy for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Under the AEDPA, a petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-405 (2000). In conducting habeas review, the federal

5

court only looks to whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Accordingly, even if this Court were to assume that the state court erred when it dismissed Cannon's first post-conviction claim as untimely, the state court's ruling is not within this Court's proper scope of review because the post-conviction court's finding was premised on state law under the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1). *See Dellinger v. Bowen* 301 F.3d 758, 764 (7th Cir. 2002). Because the state court's decision that Cannon's post-conviction petition was untimely was based purely on state law, this Court cannot overrule the state court's decision. Thus, Cannon's petition was not "properly filed" and the statute of limitations was not tolled. *See Rice v. Bowen*, 264 F. 3d 698, 701 (7th Cir. 2001) (citing *Freeman v. Page*, 208 F. 3d 572, 576 (2000)) (explaining that a court determines a post-conviction petition to be properly filed by looking at how the state courts treated it; if the state court dismissed it for procedural flaws, such as untimeliness, then it was not properly filed).

Cannon moved for an enlargement of time in federal court between his first and second habeas petitions. During this process, the federal court advised Cannon that he had not yet exhausted his state court remedies, and that the statute of limitations would be tolled for all times that a state post-conviction proceeding was pending. *U.S. ex rel. Cannon v. Page*, No. 97 C 3053, 1999 WL 160268, at *5-6 (N.D.Ill. Mar. 10,1999). More important, the Court advised Cannon that if there were a time period when there was not a state post-conviction proceeding pending, said time period would count toward the AEDPA's one-year limitation period. *Id.* Despite the Court's warning, Cannon waited until September 26, 2007– 364 days after his post-conviction proceedings became final in state court in which to file the instant petition. *Id.* Cannon also waited a period of six months in between the December 2, 1998 Illinois Supreme Court denial of his PLA for his first post-conviction petition and the filing of his second post-conviction petition on June 7, 1999. As

6

the Court warned Cannon in its order of March 9, 1999, the dates of which Cannon had no post-conviction petition pending over his nine year pursuit of post-conviction relief must be counted towards the federal statute of limitation time period. *Id*. Therefore, the six-month delay between December 2, 1998 and June 7, 1999 must be counted along with the 364 day time-period between September 27, 2006, the date Cannon's post-conviction proceedings became final, and September 26, 2007, the date Cannon filed the instant petition. *See Lawrence v. Florida* 127 S. Ct. 1079, 1082-1083 (2007). Accordingly, even if Cannon's "properly filed" argument had merit, Cannon's instant petition is still time-barred.

## II. Exhaustion of State Court Remedies

As previously stated, Cannon's post-conviction proceedings became final in state court on September 27, 2006. *People v. Cannon*, 221 Ill.2d 647 (2006). In his Response to Jones's Motion to Dismiss, Cannon argues that he could not seek federal relief until all of his state court remedies were exhausted and he had to continue filing successive post-conviction petitions in state court until his claims were heard on their merits, thus resulting in the instant petition's delay. Though Cannon asserts that his state-court claims were not fully exhausted until September 26, 2006 when the fourth post-conviction court dismissed it as meritless, his instant petition is still time-barred.

A petitioner must wait to bring their claims to federal court until the state courts have had the opportunity for a full and fair adjudication in state courts. *Williams*, 529 U.S. 436-437 ("Principles of exhaustion are premised on recognition by Congress that state judiciaries have the duty and competence to vindicate rights secured by the constitution in state criminal proceedings.") Claims are considered to be exhausted upon one full-round of state court review, either on direct appeal of conviction or post-conviction review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). However, federal district courts may not reach the merits of a habeas claim if the state court

declines to address a prisoner's federal claims because they had failed to meet a state procedural requirement. *See Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991). Procedural default occurs when the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. *Id*. Failure to bring claims to the state court in a timely fashion results in a procedural default of those claims, barring the claims from habeas review. *Id.* at 731-732. The procedural default bar ensures that prisoners will not intentionally default on their federal claims in state court in order to bypass state court remedies and proceed directly to the federal courts. *Id*. The court can excuse the procedural default if a petitioner were to demonstrate cause for his default and prejudice resulting therefrom, or that a miscarriage of justice will result if the Court fails to consider the merits of the case. *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir.2006).

Here, Cannon's previously-filed state-court petitions were dismissed as time-barred, a procedural default. *See People v. Cannon*, 297 Ill.App.3d 1117 (1998); *People v. Cannon*, 343 Ill.App.3d 1283 (2003). Although Cannon's argument explains why he filed four successive post-conviction petitions, it doesn't excuse Cannon's failure to timely file the instant petition. As previously stated, Cannon's instant petition is time-barred based on the six-month delay between his first and second post-conviction proceedings and the 364 days between his fourth post-conviction proceeding and the filing of the instant habeas petition since there were no pending state proceedings at that time. *See Lawrence*, 127 S. Ct. 1082-1083. Both time periods count toward the one-year statutory time-period. *Id*.

Thus, even if this Court were to consider the limitations period tolled throughout all of Cannon's post-conviction proceedings, and that the state-court finally exhausted his claims on September 26, 2006 making them appropriate for federal review, the instant petition would still be

8

time-barred. For those reasons, the instant petition's untimeliness cannot be excused due to the fact that petitioner was forced to exhaust his state court remedies.

### III. Equitable Tolling

Additionally, Cannon argues that he is entitled to equitable tolling with respect to filing his habeas petition more than nine years past the April 23, 1997 deadline based on ineffective assistance of counsel throughout his first three post-conviction hearings. He maintains that his assigned counsel did not contact him before attending court and did not present to the court the appropriate and relevant constitutional claims of his case, thus preventing him from exhausting his state court remedies, barring him from being able to file a habeas corpus petition. A court may toll the limitations period under the doctrine of equitable tolling if the petitioner can establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance far beyond his control stood in the way of timely filing. *See Pace,* 544 U.S. 419. While the Seventh Circuit has acknowledged that equitable tolling may apply to § 2233, the principle is only applied in exceptional circumstances. *See Anou Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). In fact, equitable tolling is such an exceptional form of relief that the Seventh Circuit has yet to encounter a circumstance that justifies its use. *See Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).

Even if this Court were to assume that Cannon's ineffective assistance claims had merit, the U.S. Constitution confers no right to counsel during state post-conviction proceedings, let alone effective counsel. *Pennsylvania*, 481 U.S. at 556. Moreover, and setting aside the issue of whether Cannon "diligently" pursued his rights as required by *Pace*, Cannon's allegations do not rise to the level of "extraordinary circumstances" warranting equitable tolling because attorney incapacity, non-responsiveness, or negligence are not grounds that warrant equitable tolling. *See Powell v. Davis*, 415 F.3d 722, 727 (7th Cir.2005) ("'attorney misconduct, whether labeled negligent, grossly

9

negligent, or willful, is attributable to the client' and thus is not a circumstance beyond a petitioner's control that might excuse an untimely petition"); *quoting in part Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir.2003). "[M]any clients, whether in prison or not, must vigilantly oversee the actions of their attorney's and, if necessary, take matters into their own hands." *Johnson v. McBride*, 381 F.3d 587, 589-590 (7th Cir. 2004). Cannons has failed to present an argument justifying the use of equitable tolling under Seventh Circuit case law. For the reasons stated above, applying the doctrine of equitable tolling is not warranted, and the instant petition is dismissed.

## IV. Actual Innocence Exception

Finally, Cannon contends that the Court must accept his untimely petition because he is "actually innocent" of the extended sentence imposed by the Court; and therefore, the application of the statute of limitations in § 2244(d) to bar his petition would result in a fundamental miscarriage of justice. Though couched as an "actual innocence" argument, Cannon is not claiming that he is actually innocent of the offense of which he was convicted, armed robbery. Rather, Cannon argues that the state court erred when applied the extended-term statute because it didn't credit his time spent in prison toward the ten-year time limitation of the state statute. (Petr.'s Resp. Br. at 14-15). A habeas petition that challenges a sentencing error, and not the conviction, does not constitute a fundamental miscarriage of justice that can be raised under the actual innocence exception. *See Hope v. United States*, 108 F.3d 119, 126 (7th Cir. 1997). Accordingly, Cannon's Petition should be dismissed.

For the reasons stated herein, Jones' Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred is granted and Cannon's Petition is dismissed with prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: August 8, 2008